IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NICOLE ELLEN TILFORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:25-CV-1717-D |
| | § | |
| TEGNA INC., et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this action, plaintiff Nicole Ellen Tilford ("Tilford") brings claims against defendants WFAA-TV, Inc. ("WFAA") and TEGNA Inc. ("TEGNA"), alleging that they are liable for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* TEGNA moves to dismiss Tilford's original complaint ("complaint") under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. For the reasons that follow, the court grants TEGNA's motion to dismiss, and also grants Tilford leave to replead.[1]

I

For approximately 12 years, Tilford worked as a WFAA account executive.

---

[1]TEGNA also moves in the alternative for a more definite statement under Rule 12(e). Because the court is granting TEGNA's motion to dismiss, it denies the Rule 12(e) motion as moot.

Defendant WFAA is a television station that operates in the Dallas-Fort Worth metroplex.[2] Defendant TEGNA is a publicly traded broadcast, digital media, and marketing services company that holds WFAA's license in the Dallas-Fort Worth market. Tilford complains of sex discrimination, age discrimination, and retaliation spanning from 2020 until her termination in 2024.

According to Tilford's complaint, both WFAA and TEGNA are liable under Title VII, § 1981, and the ADEA. Tilford's complaint refers to WFAA and TEGNA collectively as "Defendants" or "TEGNA," and she attributes the actions underlying her claims to both entities. Tilford alleges that "TEGNA is a joint employer and/or an integrated enterprise." Compl. ¶ 4. TEGNA responds that this assertion is conclusory, and it moves to dismiss Tilford's claims under Rule 12(b)(6). Tilford opposes TEGNA's motion, which the court is deciding on the briefs, without oral argument.

II

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [the] plaintiff['s] . . . complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (final alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d

---

[2]In deciding TEGNA's Rule 12(b)(6) motion to dismiss, the court construes the complaint in the light most favorable to Tilford, as the nonmovant, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in Tilford's favor. *See, e.g., In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (brackets omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

III

TEGNA contends that Tilford has not plausibly pleaded that TEGNA was her employer for purposes of her employment discrimination claims.

A

"The doctrine of limited liability creates a strong presumption that a parent corporation is not the employer of its subsidiary's employees." *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 778 (5th Cir. 1997). But a plaintiff can still recover for employment discrimination and retaliation against a parent corporation if the parent is her joint employer

under the "hybrid economic realities/common law control test," *see Perry v. VHS S.A. Partners, L.L.C.*, 990 F.3d 918, 929 (5th Cir. 2021) (Title VII); or if the parent and subsidiary companies represent a single, integrated enterprise, *see Trevino v. Celanese Corp.*, 701 F.2d 397, 403-04 (5th Cir. 1983) (Title VII); *Lusk*, 129 F.3d at 777 (ADEA); *Yarbrough v. SlashSupport, Inc.*, 152 F.4th 658, 669 (5th Cir. 2025) (§ 1981 claim). Where, as here, the parties do not dispute that one defendant (WFAA) was the plaintiff's employer, the single, integrated enterprise test is the appropriate test for determining whether the other defendant (TEGNA) can be held liable for employment discrimination and retaliation. *See Schweitzer v. Advanced Telemarketing Corp.*, 104 F.3d 761, 764 (5th Cir. 1997).

In assessing whether superficially distinct entities are a single, integrated enterprise, courts examine: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Trevino*, 701 F.2d at 404. The second factor is the most important. *Id.*

B

The court concludes that the allegations of Tilford's complaint are insufficient to plausibly plead that TEGNA and WFAA are a single, integrated enterprise. As a preliminary matter, in deciding TEGNA's motion to dismiss, the court cannot consider the new factual allegations that Tilford has raised in her response. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Looking to the complaint, Tilford's allegation that "TEGNA is a joint employer and/or an integrated enterprise," Compl. ¶ 4, is unsupported by specific factual allegations that would allow the court to reasonably infer that

she is entitled to relief against TEGNA. Her allegation that TEGNA holds the license of WFAA in the Dallas-Fort Worth market is similarly insufficient. *See Lusk*, 129 F.3d at 778; *see also Coleman v. Sentinel Transp., LLC*, 2009 WL 3834438, at *6 (S.D. Tex. Nov. 16, 2009) (Rosenthal, J.) (concluding that an allegation of partial ownership was insufficient).

The remainder of Tilford's allegations regarding the alleged discrimination and retaliation fail to distinguish between TEGNA and WFAA. Instead, Tilford's complaint refers to TEGNA and WFAA collectively as "Defendants" or "TEGNA." Therefore, the court cannot effectively apply the factors relevant to determining whether Tilford has plausibly pleaded that TEGNA and WFAA are a single, integrated enterprise. *See Coleman*, 2009 WL 3834438, at *5-6 (complaint that failed to make specific allegations regarding parent-company defendants did not plausibly plead that such defendants were part of a single, integrated enterprise).[3]

Accordingly, the court dismisses Tilford's claims against TEGNA.

IV

The court grants Tilford's request for leave to amend. *See, e.g.*, *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (noting that

---

[3]Tilford acknowledges that the single, integrated enterprise test is appropriate here. But even assuming *arguendo* that the "hybrid economic realities/common law control test" applies, *see Perry*, 990 F.3d at 929, the court's analysis is the same. *See Blakley v. GoLabs, Inc.*, 2023 WL 6393184, at *2 (N.D. Tex. Sept. 30, 2023) (Lindsay, J.) (complaint that failed to distinguish between defendants did not permit the court to apply the economic realities test); *Cooke v. Jaspers*, 2010 WL 918342, at *5 (S.D. Tex. Mar. 10, 2010) (Rosenthal, J.) (similar).

district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing case, unless it is clear that defects are incurable or plaintiffs advise court that they are unwilling or unable to amend in a manner that will avoid dismissal). There is no indication that Tilford cannot, or is unwilling to, cure the pleading defects the court has identified. And she has expressly requested leave to amend. Accordingly, the court grants Tilford 28 days from the date this memorandum opinion and order is filed to file an amended complaint.

\* \* \*

For the reasons explained, the court grants TEGNA's motion to dismiss, and also grants Tilford leave to replead.

**SO ORDERED**.

December 9, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE